UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| MATTHEW KURTENBACH,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CODINGTON COUNTY, BRAD HOWELL, MATT BLACKWELDER, UNKNOWN WATERTOWN POLICE DEPARTMENT DETECTIVE, REBECCA REITER,<br><br>　　　　　Defendants. | CIV. 20-1008-JLV<br><br><br>ORDER |

　　Plaintiff Matthew Kurtenbach, appearing *pro se*, filed a civil rights action against the defendants under 42 U.S.C. § 1983. (Docket 1). He also filed a motion to proceed *in forma pauperis*. (Docket 2). Mr. Kurtenbach alleges violations of the Fifth, Sixth, and Fourteenth Amendments. (Docket 1 at p. 3).

　　The Prison Litigation Reform Act, 28 U.S.C. § 1915, requires prisoners to make an initial partial filing fee payment when possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

　　(A)　the average monthly deposits to the prisoner's account;

　　　　or

　　(B)　the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

In support of his motion, plaintiff provided a copy of his prisoner trust account report signed by an authorized prison officer. (Docket 4). The report shows an average monthly deposit for the past six months of $0, an average monthly balance for the past six months of $0, and a current balance of $0. Id. In light of this information, the court finds plaintiff is not required to make an initial partial filing fee.

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Because Mr. Kurtenbach has not specified in what capacity he is suing defendants, this court treats the claims against them as only in their official capacities. See Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Mr. Kurtenbach's official capacity claims

against the Unknown Watertown Police Department Detective are the equivalent to claims against the City of Watertown.  A municipal government may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right.  Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978).  Because Mr. Kurtenbach does not assert that policies or customs of the City of Watertown are depriving him of his rights, his claims against the Unknown Watertown Police Department Detective in his/her official capacity are dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).[1]

     Mr. Kurtenbach sues Rebecca Reiter, Deputy State's Attorney for Codington County State's Attorney, in her official capacity.  (Docket 1 at p. 2).  The Supreme Court stated, "a suit against a state official in . . . her official capacity is not a suit against the official but rather is a suit against the official's office."  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)).  Thus, it is a suit against the state itself.  While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."  Id. at 66.

---

[1] Mr. Kurtenbach claims "Codington County is liable as they have instituted a policy or practice of recording and monitoring [the] privileged calls of pretrial detainees."  (Docket 1 at p. 3).  Mr. Kurtenbach alleges that Brad Howell and Matt Blackwelder work in some capacity for Codington County.  Id. at 2.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity.  Id.  But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply.  See Pearson v. Callahan, 555 U.S. 223, 242-43 (2009).

Here, Mr. Kurtenbach seeks monetary and injunctive relief.  (Docket 1 at pp. 5-6).  Because Mr. Kurtenbach has sued Ms. Reiter in her official capacity, Mr. Kurtenbach has asserted a claim for money damages against the state of South Dakota.  The state of South Dakota has not waived its sovereign immunity.  To the extent Mr. Kurtenbach seeks to hold Ms. Reiter liable in her official capacity for money damages, the court finds Ms. Reiter is protected by sovereign immunity and is entitled to judgment as a matter of law.  Mr. Kurtenbach's claims against Ms. Reiter in her official capacity for injunctive relief survive 28 U.S.C. § 1915A screening.  The same analysis holds true as to the claims against Mr. Howell and Mr. Blackwelder.

The court concludes that the rest of Mr. Kurtenbach's complaint does not appear to be either frivolous or fail to state a claim upon which relief may be granted.  Whether the complaint has merit is a question which cannot be resolved until after defendants file an answer or some other responsive pleading.

## ORDER

Accordingly, it is

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that Mr. Kurtenbach's claims against the Unknown Watertown Police Department Detective in his/her official capacity are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

IT IS FURTHER ORDERED that Mr. Kurtenbach's claims seeking monetary damages against Rebecca Reiter in her official capacity are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).  Mr. Kurtenbach's claims against Ms. Reiter, Mr. Howell and Mr. Blackwelder for injunctive relief survive 28 U.S.C. § 1915A review.

IT IS FURTHER ORDERED that upon receipt of the completed summons and USM-285 form for each defendant, the Clerk of Court will issue a summons.  If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.  The United States Marshal shall serve the completed summons with a copy of the complaint and this order upon the defendants.  The United States will advance the costs of service.

IT IS FURTHER ORDERED that defendants shall serve and file an answer or responsive pleading to the complaint, together with a legal brief or memorandum in support, on or before twenty-one (21) days following the date of service.

IT IS FURTHER ORDERED that the institution having custody of Mr. Kurtenbach is hereby directed that, whenever the amount in his trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United

States District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2) until the filing fee of $350 is paid in full.

Dated May 28, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE