UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| MATTHEW KURTENBACH,<br><br>Plaintiff,<br><br>vs.<br><br>CODINGTON COUNTY, BRAD HOWELL, MATT BLACKWELDER, REBECCA REITER,<br><br>Defendants. | CIV. 20-1008-JLV<br><br><br>ORDER |

Plaintiff Matthew Kurtenbach, appearing *pro se*, brought this action under 42 U.S.C. § 1983 alleging defendants violated his constitutional rights during his pretrial detention in the Codington County Jail in Watertown, South Dakota. (Docket 10). Defendants filed a motion for summary judgment together with a legal memorandum, statement of undisputed material facts, seven affidavits and ten exhibits. (Dockets 24 through 27, 27-1, 27-2, 28, 28-1 through 28-5, 29, 29-1, 30, 31, 31-1 & 32). A September 13, 2021, order permitted defendants to file an amended brief, statement of undisputed material facts and affidavit. (Docket 52 at p. 5). On September 15, 2021, defendants filed their amended brief, statement of undisputed material facts and affidavit. (Dockets 53-55).

By the court's local rules, plaintiff's response to defendants' motion for summary judgment was due on or before October 7, 2021. D.S.D. Civ. LR

7.1(B).[1]  A frequent *pro se* litigant in the District of South Dakota, Mr. Kurtenbach was previously advised of this local rule and his obligation to respond to defendants' motions.  See Kurtenbach v. Malson-Rysdon, CIV. 12-5047 (D.S.D. 2012); Kurtenbach v. Bertsch, CIV. 12-5077 (D.S.D. 2012); Kurtenbach v. Gross, CIV. 13-5024 (D.S.D. 2013); Kurtenbach v. Jackley, CIV. 16-5021 (D.S.D. 2016); Kurtenbach v. City of Winner, CIV. 19-3018 (D.S.D. 2019).

Mr. Kurtenbach's *pro se* status does not entitle him to disregard the Federal Rules of Civil Procedure.  Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002).  *Pro se* litigants also must comply with court rules and directives.  Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005).  However, plaintiff's failure to respond to defendant's motion for summary judgment "does not automatically compel resolution of [the motions] in favor of [defendant]."  United States v. One Parcel of Real Prop., 27 F.3d 327, 329 n.1 (8th Cir. 1994); see also Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997) ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive."); Soliman, 412 F.3d at 922 (determining whether summary judgment was appropriate on the merits despite a plaintiff's failure to respond to a defendant's summary judgment motion).  The court need not reach the merits of defendants' motion and declines to do so.

Unlike the majority of cases where the district court resolved a motion on the merits despite a plaintiff's failure to respond, here Mr. Kurtenbach was

---

[1]The Civil Local Rules of Practice for the United States District Court for the District of South Dakota may be found on the internet at: https://www.sdd.uscourts.gov/, under the tab "Local Rules & General Orders."

aware of his obligation to respond to defendants' motion.  In this litigation, on September 29, 2021, the court denied Mr. Kurtenbach's motion for " 'three signed subpoenas *duces tecum*' from the Clerk of Court."[2]  (Docket 56 at p. 1).  The motion was denied without prejudice.  Id. at p. 2.  The court advised Mr. Kurtenbach he "may refile a motion for the issuance of subpoenas *duces tecum*." Id.  A new motion was required to "state with sufficient detail the relevancy of each document requested 'so that this Court can assess compliance with Rule 45(d)(1), which requires the subpoenaing party to 'avoid imposing undue burden or expense on [the] person subject to the subpoena.' " Id. (citing Aldridge v. Hill, No. 1:18-CV-00259, 2020 WL 5547760, at *1 (E.D. Mo. Sept. 16, 2020) (citing Fed. R. Civ. P. 45(d)(1)).

Since the filing of defendants' amended documents in support of summary judgment and the September 29, 2021, order, Mr. Kurtenbach has not filed another motion for the issuance of subpoenas *duce tecum*, a motion for Fed. R. Civ. P. 56(d) discovery in advance of filing his response to defendants' motion for summary judgment or a motion for a continuance of the timeframe within which plaintiff's response must be filed.  These are all options which are available to Mr. Kurtenbach and motions which he was certainly capable of filing if necessary.

Mr. Kurtenbach is expected to comply with the court's local rules, as well as the Federal Rules of Civil Procedure.  Given plaintiff's previous litigation in this court, the court finds he has the capacity to litigate this lawsuit.

---

[2]If this order is determined to have restarted plaintiff's 21-day period to respond to defendants' motion for summary judgment under D.S.D. Civ. LR 7.1(B), that deadline expired on October 21, 2021.

3

Dismissal is an appropriate sanction given plaintiff's noncompliance with the rules.

The court next must determine whether the dismissal of plaintiff's complaint should be with or without prejudice. "Dismissal with prejudice is an extreme sanction and should be used in cases of willful disobedience of a court order or continued persistent failure to prosecute a complaint." Givens v. A.H. Robins Co., Inc., 751 F.2d 261, 263 (8th Cir. 1984). See also Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (holding a district court may dismiss an action under Rule 41(b) on its own initiative and "without affording notice of its intention to do so or providing an adversary hearing before acting[,]" and recognizing a district court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases[]").

Based on the procedural history of this case and plaintiff's failure to file a response to defendants' motion for summary judgment, the court finds it appropriate to dismiss the amended complaint with prejudice. Pursuant to Rule 41(b) and the court's inherent authority, it is

ORDERED that plaintiff's amended complaint (Docket 10) is dismissed with prejudice.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (Docket 24) is denied as moot.

Dated December 28, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE